MANATT, PHELPS & PHILLIPS, LLP
John M. LeBlanc (SBN 155842)
E-mail: JLeBlanc@manatt.com
Ileana M. Hernandez (SBN 198906)
E-mail: IHernandez@manatt.com
Luke L. Punnakanta (SBN 293488)
E-mail: LPunnakanta@manatt.com
11355 W. Olympic Blvd
Los Angeles, California 90064
Telephone: (310) 312-4228
Facsimile: (310) 914-5855

WILLIAMS & CONNOLLY LLP
Brendan V. Sullivan, Jr. (*Pro Hac Vice* application forthcoming)
E-mail: bsullivan@wc.com
William R. Murray, Jr. (*Pro Hac Vice* application forthcoming)
E-mail: bmurray@wc.com
Steven M. Cady (*Pro Hac Vice* application forthcoming)
E-mail: scady@wc.com
725 Twelfth Street, N.W.
Washington, D.C. 20005-5901
Telephone: (202) 434-5000
Facsimile: (202) 434-5029

*Attorneys for Defendants*

# UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| OHAD BARKAN, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>HEALTH NET OF CALIFORNIA, INC., HEALTH NET LIFE INSURANCE CO., MANAGED HEALTH NETWORK, INC., HEALTH NET, INC., and CENTENE CORP.,<br><br>Defendants. | Case No. 2:18-cv-06691<br><br>**NOTICE OF REMOVAL** |

Pursuant to 28 U.S.C. §§ 1441, 1446, and 1453, Defendants Health Net of California, Inc., Health Net Life Insurance Co., Managed Health Network, Inc., Health Net, Inc., and Centene Corp. ("Defendants") give notice of the removal of the above-captioned matter to the United States District Court for the Central District of California. As grounds for removal, Defendants state as follows:

## I.   NATURE OF THE REMOVED CASE

1.   On June 29, 2018, Plaintiff filed the action captioned *Ohad Barkan, individually and on behalf of all others similarly situated v. Health Net of California, Inc., Health Net Life Insurance Co., Managed Health Network, Inc., Health Net, Inc., and Centene Corp.*, in the Superior Court of California, County of Los Angeles. The case was assigned Case Number BC711987.

2.   All Defendants were served on July 6, 2018.

3.   Plaintiff alleges that he suffers from ALS, a progressive neurological disorder. Compl. ¶ 36. He further alleges that in January 2018 he was prescribed Radicava, an injectable medication, and a Trilogy 100 ventilator, both to treat his ALS. *Id.* ¶ 41. Plaintiff alleges that authorization for these treatments was improperly denied as not medically necessary (in the case of Radicava) and "experimental or investigational" (in the case of the ventilator). *Id.* ¶¶ 42–46.

4.   Plaintiff further alleges that he appealed the denial, and that Health Net reversed course after about a week and a half. *Id.* ¶ 55. However, he alleges that he is concerned that his authorization may lapse and Health net may not renew it. *Id.* ¶ 59.

5.   Based upon the above conduct, Plaintiff brings five causes of action:
    a.   Breach of Written Contract, *id.* ¶¶ 73–83;
    b.   Breach of the Implied Covenant of Good Faith and Fair Dealing, *id.* ¶¶ 84–94;
    c.   Violation of California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 *et seq.*, *see* Compl. ¶¶ 95–108;

       d.      Violation of California's Consumer Legal Remedies Act, Cal. Civ. Code § 1750 *et seq.*, *see* Compl. ¶¶ 109–122; and

       e.      Declaratory Relief, *id.* ¶¶ 123–126.

6. Federal jurisdiction exists over this case under the Class Action Fairness Act, 28 U.S.C. § 1332(d) ("CAFA").

## II. THIS REMOVAL IS PROCEDURALLY PROPER

7. This notice of removal is timely under 28 U.S.C. § 1446(b)(1), as the date of filing is within 30 days of the date of service on all Defendants, July 6, 2018.

8. Venue is proper in the Central District of California under 28 U.S.C. § 1441(a) because the district encompasses Los Angeles County.

9. All Defendants consent to this removal.

10. Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all of the pleadings filed in the State Court are attached hereto as Exhibit A.

11. A copy of the written notice required by 28 U.S.C. § 1446(d), attached hereto as Exhibit B, is being filed in the State Court and will be served on Plaintiff.

## III. FEDERAL JURISDICTION EXISTS UNDER CAFA

12. CAFA grants district courts original jurisdiction over class actions where there is minimal diversity, the putative class contains at least 100 members, and the amount in controversy exceeds $5 million. 28 U.S.C. § 1332(d)(2), (5). For notice of removal purposes, the defendant need only make "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 554 (2014).

13. Plaintiff is a California citizen. Compl. ¶ 1.

14. Defendant Centene Corporation is a Delaware corporation whose principal place of business is in Missouri. Compl. ¶ 6. Centene Corporation is therefore a citizen of Delaware and Missouri. 28 U.S.C. § 1332(c)(1).

15. The minimal diversity requirement is met, because Centene Corporation is not a citizen of the same state as Plaintiff. *See* 28 U.S.C. § 1332(d)(2)(A).

16. Plaintiff defines the proposed class as "[a]ll California residents enrolled in Health Net's Blue & Gold HMO, or Health Net's private individual and family HMO health care services plans and PPO insurance policies sold through the Covered California exchange on or after October 1, 2013." Compl. ¶ 61. Plaintiff alleges that the class contains "thousands of persons." *Id.* ¶ 63. Therefore, the proposed class, if one is determined by this Court to exist, has more than 100 members.

17. Defendants deny that Plaintiff is entitled to any relief, but for amount-in-controversy purposes, the Court must assume that Plaintiff succeeds on his claims. *See Lewis v. Verizon Comm'ns, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010) ("The amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability.") Under this standard, Plaintiff's complaint meets the $5 million amount-in-controversy requirement.

18. Plaintiff alleges that Defendants improperly denied his claims for treatment required for his ALS, only reversing course after an appeal. Compl. ¶¶ 42–55. Plaintiff seeks damages for this alleged improper denial. *See id.* ¶¶ 81–82.

19. Plaintiff bases his claims on the alleged temporary denial of two treatments—a prescription for the injectable drug Radicava and a Trilogy 100 ventilator. *Id.* ¶ 41. Each of these treatments is very expensive. Radicava can cost about $1,000 per injection, and a course of treatment with the drug could cost nearly $150,000 a year. *See* ABC News, "New ALS drug Radicava comes with new questions as well" (Aug. 9, 2017), https://abcnews.go.com/Health/als-drug-radicava-questions/story?id=49124789. A Trilogy 100 ventilator can cost $10,000. Even though Plaintiff alleges that his treatment was delayed only for a few weeks,

he appears to be claiming damages in the thousands of dollars. Plaintiff alleges that his claims are "typical" of those of the class. Compl. ¶ 65.

20. Plaintiff also alleges that class members are entitled to "restitution of all monies paid" for their policies to the extent they reflect the difference between the amounts paid and the alleged "actual" values of the policies. *Id.* ¶ 108. Defendants deny that class members overpaid for their policies, but the premiums paid by the class over the period for which Plaintiff claims damages are many times larger than $5 million. *See Lewis*, 627 F.3d at 399 (holding that amount in controversy over claims of allegedly unauthorized billing included all billed amounts; defendant did not need to make initial demonstration of which amounts were unauthorized).

21. Plaintiff further requests a declaration that Health Net may not exclude coverage for treatments as "Experimental or Investigational," because he alleges that the term is "ambiguous and unenforceable." Compl. ¶ 125. "In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002) (internal quotation marks omitted). Defendants deny that Plaintiff is entitled to a declaration rendering that term—a common one in health insurance contracts—inoperable. But if such a declaration were granted, as Plaintiff seeks, then Defendants would be forced to increase their reimbursements by over $5 million going forward.

22. Finally, Plaintiff claims both punitive damages and attorneys' fees. *See, e.g.*, Compl. ¶¶ 91, 108 (attorneys' fees); 93, 106, 121 (punitive damages). Defendants deny that Plaintiff is entitled to punitive damages or attorneys' fees, but both are properly included in the amount in controversy. *See, e.g., Adkins v. J.B. Hunt Transport, Inc.*, 293 F. Supp. 3d 1140, 1147–48 (E.D. Cal. 2018). For amount-in-controversy purposes, courts commonly consider punitive damages at a one-to-one ratio to economic damages, *see Sloan v. 1st Am. Auto. Sales Training*,

No. 2:16-cv-5341, 2017 WL 1395479, at *3 (C.D. Cal. Apr. 17, 2017), and assume attorneys' fees equal to 25% of economic damages, *see Heejin Lim v. Helio, LLC*, No. 11-cv-9183, 2012 WL 359304, at *3 (C.D. Cal. Feb. 2, 2012).

23. For the above reasons, CAFA provides jurisdiction over this case.

## IV. CONCLUSION

Pursuant to 28 U.S.C. §§ 1441, 1446, and 1453, Defendants hereby remove the above-captioned matter to the United States District Court for the Central District of California.

Dated: August 3, 2018                MANATT, PHELPS & PHILLIPS, LLP

By: /s/ John M. LeBlanc
    John M. LeBlanc
    *Attorneys for Defendants*

# CERTIFICATE OF SERVICE

I, Brigette Scoggins, certify and declare as follows:

I am over the age of 18 years of age and am not a party to this action.

My business address is 11355 W. Olympic Boulevard, Los Angeles, CA 90064. On **August 3, 2018,** I served a copy of the following:

**NOTICE OF REMOVAL**

| | |
|---|---|
| Daniel J. Callahan<br>Edward Susolik<br>Richard T. Collins<br>Damon D. Eisenbrey<br>CALLAHAN & BLAINE, APLC<br>3 Hutton Centre Drive, 9th Floor<br>Santa Ana, CA 92707<br>Phone: (714) 241-4444<br>Fax: (714) 241-4445 | *Attorneys For Plaintiff*<br>*Ohad Barkan, individually and on behalf of all others similarly situated* |

[x] **(BY MAIL)** By placing such document(s) in a sealed envelope, with postage thereon fully prepaid for first class mail, for collection and mailing at Manatt, Phelps & Phillips, LLP, Los Angeles, California following ordinary business practice. I am readily familiar with the practice at Manatt, Phelps & Phillips, LLP for collection and processing of correspondence for mailing with the United States Postal Service, said practice being that in the ordinary course of business, correspondence is deposited in the United States Postal Service the same day as it is placed for collection.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on **August 3, 2018**, at Los Angeles, California.

*/s/ Brigette Scoggins*
Brigette Scoggins

320676932.1                                                                 CERTIFICATE OF SERVICE